## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM DORTON<br>Individually and on behalf of<br>others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>KMART CORPORATION<br>WHYNOT LEASING, LLC,<br><br>       Defendants. | )<br>)<br>)<br>)  Civil Action No. 2:16-cv-10202<br>)<br>)  Judge:  Hon. Mark A. Goldsmith<br>)<br>)  Magistrate Judge:  Hon. Anthony<br>)  P. Patti<br>)<br>)  **ORAL ARGUMENT**<br>)  **REQUESTED**<br>) |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
CLASS COMPLAINT UNDER FED. R. CIV. P. 12(b)(1), OR IN THE
ALTERNATIVE, MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Thomas Van Dusen (P30602)
BODMAN PLC
201 West Big Beaver Road
Suite 500
Troy, MI 48084
248-743-6076
tvandusen@bodmanlaw.com

Neil K. Gilman
(Adm. E.D. MI, DC Bar 449226)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
202-955-1500
ngilman@hunton.com

Eric R. Hail
(Adm. E.D. MI, TX Bar 24047579)
HUNTON & WILLIAMS LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
214-468-3332
ehail@hunton.com

Defendants Kmart Corporation and WhyNot Leasing, LLC n/k/a TEMPOE, LLC by their undersigned counsel of record, submit this Motion to Dismiss, with prejudice, all claims alleged against them as set forth in Plaintiff's First Amended Class Complaint. Specifically, Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim upon which relief may be granted.  In support of this Motion, Defendants rely upon the authorities and arguments set forth in the incorporated brief.  Defendants respectfully request a hearing and oral argument regarding this Motion.

As required by Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel personally spoke with opposing counsel and communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence.

Dated: June 28, 2016                    Respectfully submitted,

                                        /s/Thomas Van Dusen
                                        Thomas Van Dusen (P30602)
                                        BODMAN PLC
                                        201 West Big Beaver Road, Suite 500
                                        Troy, MI 48084
                                        248-743-6076
                                        tvandusen@bodmanlaw.com

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM DORTON<br>Individually and on behalf of<br>others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KMART CORPORATION<br>WHYNOT LEASING, LLC,<br><br>　　　　　Defendants. | )<br>)<br>)<br>) Civil Action No. 2:16-cv-10202<br>)<br>) Judge:  Hon. Mark A. Goldsmith<br>)<br>) Magistrate Judge:  Hon. Anthony<br>) P. Patti<br>)<br>) **ORAL ARGUMENT**<br>) **REQUESTED**<br>)<br>)<br>) |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS COMPLAINT

Thomas Van Dusen (P30602)
BODMAN PLC
201 West Big Beaver Road
Suite 500
Troy, MI 48084
248-743-6076
tvandusen@bodmanlaw.com

Neil K. Gilman
(Adm. E.D. MI, DC Bar 449226)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
202-955-1500
ngilman@hunton.com

Eric R. Hail
(Adm. E.D. MI, TX Bar 24047579)
HUNTON & WILLIAMS LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
214-468-3332
ehail@hunton.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES ................................................................... iv

STATEMENT OF ISSUES PRESENTED ............................................ viii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........................... ix

INTRODUCTION ................................................................................. 1

ARGUMENT ........................................................................................ 3

I.   The Amended Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction ................................................................ 3

  A.   Rule 12(b)(1) Standard and Article III Standing ......................... 3

  B.   Plaintiff Alleges No Injury or Damages Arising from the Alleged Violation of the ECOA and He Therefore Lacks Standing ...................... 4

  C.   Plaintiff's New FCRA Claim Should Be Dismissed for Lack of Standing Because Plaintiff Pleads No Injury Traceable to Any Improper Access of a Consumer Report ............................................ 6

II.  Plaintiff's Claims Under the ECOA and the FCRA Should Be Dismissed Pursuant to Rule 12(b)(6) ................................................ 7

  A.   Rule 12(b)(6) Standard ............................................................... 7

  B.   Plaintiff Does Not State a Claim Under the ECOA ...................... 8

    1.   The ECOA Background and Purpose ..................................... 8

    2.   Plaintiff Fails to State a Plausible Claim for Relief Under the ECOA . 10

    3.   Plaintiff Fails to Allege Facts Showing He Applied for "Credit" ......... 13

    4.   Plaintiff's Complaint is Missing Another Prerequisite to Relief Under ECOA – Actual Damages ........................................... 15

  C.   Plaintiff's FCRA Claim is Time-Barred ..................................... 16

  D.   Even if the FCRA Claim Was Not Time-Barred, it Fails Because Plaintiff Does Not Set Forth a Plausible Claim for Relief Under the FCRA ......... 18

    1.   Plaintiff Fails to Allege Facts Showing There Was a "Consumer Report" ............................................................................. 19

    2.   Plaintiff Fails to Allege Facts Showing that Defendants "Used" or "Obtained" a Consumer Report ............................................ 20

    3.    Plaintiff Fails to Allege Facts Showing That Defendants Did Not Have a "Permissible Purpose" ........................................................................21

    4.    Plaintiff Fails to Allege Facts Showing the Requisite "Willfulness" of Each Defendant ......................................................................................23

CONCLUSION ...........................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*16630 Southfield Ltd. P'ship. v. Flagstar Bank, F.S.B.*,
727 F.3d 502 (6th Cir. 2013) ...............................................................8

*Anderson v. Capital One Bank*,
224 F.R.D. 444 (W.D. Wis. 2004)................................................. 6, 16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................8, 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................8, 12

*Bickley v. Dish Network, LLC*,
751 F.3d 724 (6th Cir. 2014) ....................................................*passim*

*Bickley v. Dish Network, LLC*,
No. 3:10-CV-00678-H, 2012 WL 5397754 (W.D. Ky. Nov. 2, 2012),
*aff'd*, 751 F.3d 724................................................................................20

*Braun v. Client Servs.*,
14 F. Supp. 3d 391 (S.D.N.Y 2014) ....................................................3

*Brothers v. First Leasing*,
724 F.2d 789 (9th Cir. 1984) ......................................................14, 15

*Cherry v. Amoco Oil Co.*,
490 F. Supp. 1026 (N.D. Ga. 1980)......................................................5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (2000)...............................................................................4

*Geiling v. Wirt Fin. Servs.*,
No. 14-11027, 2014 WL 8473822, (E.D. Mich. Dec. 31, 2014)............20, 21, 23

*Gillom v. Ralph Thayer Auto. Livonia, Inc.*,
444 F. Supp. 2d 763 (E.D. Mich. 2006) ............................................19

*Glover v. FDIC*,
  698 F.3d 139 (3d Cir. 2012) ...............................................................................7

*Hawkins v. Heyns*,
  No. 14-CV-13285, 2015 WL 928415 (E.D. Mich. Mar. 4, 2015)......................8

*Huertas v. U.S. Dep't of Educ.*,
  No. CIV 08-3959 RBK KMW, 2009 WL 3165442, (D.N.J. Sept. 28,
  2009)) ...............................................................................................................24

*Iberlin v. TCI Cablevision of Wyo., Inc.*,
  855 P.2d 716 (Wyo. 1993)................................................................................14

*Kokoshka v. Banco Popular N. Am.*,
  No. 14-CV-4430 (KM), 2016 WL 1032344 (D.N.J. Mar. 15, 2016) ............9, 10

*Laramore v. Ritchie Realty Mgmt. Co.*,
  397 F.3d 544 (7th Cir. 2005) ..............................................................................3

*Liberty Leasing Co. v. Machamer*,
  6 F. Supp. 2d 714 (S.D. Ohio 1998) .................................................................14

*Mack v. Equable Ascent Fin., LLC*,
  748 F.3d 664 (5th Cir. 2014) ............................................................................17

*Madrigal v. Kline Oldsmobile, Inc.*,
  423 F.3d 819 (8th Cir. 2005) ............................................................................10

*Markham v. Colonial Mortg. Serv. Co.*,
  605 F.2d 566 (D.C. Cir. 1979).............................................................................9

*Maul v. Aaron's, Inc.*,
  Case No. CIV-12-924-M (W.D. Okla. Mar. 19, 2013) ......................................14

*Mayer v. Felix*,
  545 U.S. 644 (2005)..............................................................................................7

*Meeks v. Larsen*,
  999 F. Supp. 2d 968 (E.D. Mich. 2014) ..............................................................3

*Meijer, Inc. v. Biovail Corp.*,
  533 F.3d 857 (D.C. Cir. 2008)...........................................................................18

*Midkiff v. Adams Cty. Reg'l Water Dist.*,
   409 F.3d 758 (6th Cir. 2005) ................................................................9

*O'Dowd v. S. Cent. Bell*,
   729 F.2d 347 (5th Cir. 1984) .........................................................6, 16

*Perl v. Am. Express*,
   No. 12-CV-4380 ER, 2012 WL 2711270 (S.D.N.Y. July 9, 2012) ...................24

*Perry v. First Nat'l Bank*,
   459 F.3d 816 (7th Cir. 2006) ................................................................7

*Perez v. Portfolio Recovery Assocs., LLC*,
   No. CIV. 12-1603 JAG, 2012 WL 5373448 (D.P.R. Oct. 30, 2012) ...............24

*Pintos v. Pac. Creditors Ass'n*,
   605 F.3d 665 (9th Cir. 2010) ................................................................2

*Scripter v. First State Bank Mortgage Co., LLC*,
   No. 14-13461, 2015 WL 7756125 (E.D. Mich. Dec. 2, 2015)...........................11

*Smith v. Bob Smith Chevrolet, Inc.*,
   275 F. Supp. 2d 808 (W.D. Ky. 2003)..................................................22

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016)...............................................................4, 7

*Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc.*,
   427 F.3d 1043 (7th Cir. 2005) ..........................................................23

*Stoyanovich v. Fine Art Capital LLC*,
   06-CIV-13158, 2007 WL 2363656 (S.D.N.Y. Aug. 17, 2007)...........................5

*Tauro v Asset Acceptance*,
   No. 2:12-CV-00418, 2012 WL 2359954 (W.D. Pa. June 20, 2012)...............24

*Tobler v. Equifax*,
   No. 08-CV-12610, 2009 WL 1491046 (E.D. Mich. May 27, 2009)...................7

*Weiner v. Klais & Co., Inc.*,
   108 F.3d 86 (6th Cir. 1997) ...............................................................11

*Williams v. MBNA Am. Bank, N.A.*,
    538 F. Supp. 2d 1015 (E.D. Mich. 2008) ............................................................9

*Ysasi v. Nucentrix Broadband Networks, Inc.*,
    205 F. Supp. 2d 683 (S.D. Tex. 2002)..............................................................14

**STATUTES**

12 U.S.C. § 5581 ..........................................................................................15

15 U.S.C. §§ 1691-1691f (2012) ......................................................*passim*

15 U.S.C. §§ 1681-1681x (2012)......................................................*passim*

28 U.S.C § 1919............................................................................................25

**OTHER AUTHORITIES**

12 C.F.R. § 202.2(f) (2003) ........................................................................11

50 Fed. Reg. 48018, 48019-20 (Nov. 20, 1985) ................................13, 15

FED. R. CIV. P. 9(g) .......................................................................................5

FED. R. CIV. P. 15 ..................................................................................17, 18

FED. R. CIV. P. 12(b)(1)............................................................................1, 3

FED. R. CIV. P. 12(b)(6)........................................................................1,7, 16

U.S. CONST. art. III......................................................................................4

## STATEMENT OF ISSUES PRESENTED

**ISSUE 1:** Should Plaintiff's Amended Class Complaint be dismissed, including his claims under the Equal Credit Opportunity Act for the alleged failure to provide an adverse action notice and under the Fair Credit Reporting Act for alleged impermissible access of his credit report, because Plaintiff does not allege any injury in fact so as to demonstrate Article III standing?

**Answer:** Yes

**ISSUE 2:** Should Plaintiff's claim under the Equal Credit Opportunity Act for the alleged failure to provide an adverse action notice be dismissed because he fails to allege facts showing a plausible entitlement to relief?

**Answer:** Yes

**ISSUE 3:** Should Plaintiff's claim for alleged impermissible access and use of his credit report under the Fair Credit Reporting Act be dismissed because it is barred by the applicable two-year statute of limitations?

**Answer:** Yes

**ISSUE 4:** Should Plaintiff's time-barred claim for alleged impermissible access and use of his credit report under the Fair Credit Reporting Act be dismissed for the independent reason that the facts as alleged demonstrate that no such claim exists?

**Answer:** Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**STATUTES AND REGULATIONS**

Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f  (2012)

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x (2012)

Regulation B, 12 C.F.R. § 202.2(f) (2003)

**CASES**

*Anderson v. Capital One Bank*, 224 F.R.D. 444 (W.D. Wis. 2004)

*Bickley v. Dish Network, LLC*, 751 F.3d 724 (6th Cir. 2014)

*Laramore v. Ritchie Realty Mgmt. Co.*, 397 F.3d 544 (7th Cir. 2005)

*Liberty Leasing Co. v. Machamer*, 6 F. Supp. 2d 714 (S.D. Ohio 1998)

*Mayer v. Felix*, 545 U.S. 644 (2005)

*O'Dowd v. S. Cent. Bell*, 729 F.2d 347 (5th Cir. 1984)

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)

## INTRODUCTION

This case arises from Plaintiff William Dorton's purported attempt to lease a videogame system at a Kmart Corporation ("Kmart") store more than two years ago.  Plaintiff alleges that he visited a Kmart store and was told that he would need to provide his social security number before he could begin the process of leasing a gaming system, specifically a "PlayStation 4."   The Kmart cashier allegedly entered Plaintiff's social security number twice, and each time it came back as associated with another person. The Kmart cashier then allegedly could not proceed with a lease application and informed Plaintiff that he would need to pay in full for the videogame system.  Plaintiff speculates that the reason for the Kmart cashier's inability to confirm his social security number is that his identity may have been stolen by some unknown third party prior to his attempt to apply for a lease of the PlayStation 4.

Based upon these allegations, Plaintiff filed this lawsuit on January 21, 2016.  In his original Complaint, he brought a single claim for the alleged failure to provide an adverse action notice under the Equal Credit Opportunity Act (the "ECOA").  Defendants Kmart and WhyNot Leasing, LLC n/k/a TEMPOE, LLC ("WNL") moved to dismiss the claim under Rule 12(b)(1) because Plaintiff alleged no injury or damages from the alleged ECOA violation, and under Rule 12(b)(6) for failure to state a claim since, among other reasons, the alleged facts showed

that he did not submit any application and a lease would not constitute "credit" for purposes of the ECOA.

Plaintiff mooted that motion by filing a First Amended Class Complaint ("Amended Complaint") on June 6, 2016. (Dkt. 19.)   Therein, Plaintiff adds a number of speculative and conclusory assertions and brings a new claim under the Fair Credit Reporting Act (the "FCRA") for the alleged improper access and use of a consumer report.

The Amended Complaint does not save Plaintiff's case, as it suffers from a multitude of fatal defects that require dismissal. ***First***, Plaintiff still fails to articulate any injury or damages arising from any alleged statutory violation.  He claims that an adverse action notice "may" have disclosed the "source" of unspecified "inaccurate information," but it is settled law that the ECOA does not require disclosure of source information.   Regarding the new FCRA claim for improper access of a consumer report, the Amended Complaint is completely devoid of any allegations of injury or harm to Plaintiff.  As such, Plaintiff lacks Article III standing.

***Second***, Plaintiff still fails to state a claim under the ECOA for the same reasons stated in Defendants' original Motion to Dismiss. (Dkt. 13.)   To state a claim under the ECOA, a "creditor" must have received a "completed application" for "credit" and the plaintiff must have suffered "actual damages" as a result.

Plaintiff alleges that he provided a social security number (not a completed application) to a Kmart cashier (not to WNL), and that the transaction he sought was a lease, which is not "credit" as a matter of law.  Plaintiff also fails to allege or plead any actual damages, the only remedy potentially available to him under the ECOA.

*Third*, Plaintiff's new FCRA claim should be dismissed because it is barred by the FCRA's two-year statute of limitations.  Plaintiff alleges that Defendants accessed and used his credit report on May 2, 2014, yet he did not bring the claim until June 6, 2016, more than two years later.  And even if the FCRA claim was not time-barred, the facts as alleged show that there is no viable claim under the FCRA as a matter of law.  Plaintiff's Amended Complaint should be dismissed.

## ARGUMENT

### I.  The Amended Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction

#### A.  *Rule 12(b)(1) Standard and Article III Standing*

Where a plaintiff lacks standing, the court lacks subject matter jurisdiction, and the defect may be challenged through a motion to dismiss under Rule 12(b)(1).  FED. R. CIV. P. 12(b)(1).  Plaintiff carries the burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion.  *Meeks v. Larsen*, 999 F. Supp. 2d 968, 974 (E.D. Mich. 2014) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)), *aff'd*, 611 F. App'x 277 (6th Cir. 2015).

Article III of the Constitution restricts judicial power to "Cases" and "Controversies," which in turn form the basis of constitutional standing.   U.S. CONST. art. III.   To have standing, a plaintiff must show that he has personally suffered an "injury in fact" that is both "concrete and particularized."   *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000).   As the Supreme Court recently confirmed, to be "concrete," the injury must "actually exist."   *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).   A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."   *Id.* at 1549 (citing *Summers v. Earth Island Institute*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing")).

### B.    *Plaintiff Alleges No Injury or Damages Arising from the Alleged Violation of the ECOA and He Therefore Lacks Standing*

Plaintiff's original Complaint made no reference to harm or damages arising from the alleged failure by Defendants to provide an adverse action notice following the Kmart cashier's attempt to verify Plaintiff's identification.   In response to Defendants' initial Motion to Dismiss, Plaintiff has attempted to edit-and-revise around the injury-in-fact requirement, but he fails.   The only allegations remotely touching on "injury" to Plaintiff are:

- "Mr. Dorton is an identity theft victim and has ***suffered*** as a result

of inaccurate information, specifically identification information on several consumer reports." (Am. Compl. ¶38) (emphasis added).

- "Mr. Dorton anticipated that the information on the adverse action notice would provide him with the information necessary to identify the source of the inaccurate information which had caused him trouble in the past." (Am. Compl. ¶41.)

- "The sales associate did not provide Mr. Dorton with the information necessary to identify the source of the inaccurate information concerning his Social Security Number." (Am. Compl. ¶42.)

- "The failure of Defendants to provide Mr. Dorton with an adverse action notice conforming to the ECOA *deprived him of information* which *may* have allowed him to correct his consumer reports and prevent future damage as well as potential cross-pollution of other reports which relied upon the same faulty information." (Am. Compl. ¶48) (emphasis added).

In short, Plaintiff alleges that he was harmed because he was not provided the "source" of unspecified "inaccurate information" which "may" have helped him investigate his alleged identity theft. But even assuming that Plaintiff did submit a "completed application" for "credit" to both Defendants, and that all facts and laws existed so as to place an adverse action notice requirement on both Defendants, Plaintiff would not have been entitled to "source" information. And Plaintiff readily concedes that he was told that his social security number could not be verified, which is all he would have been entitled to had he actually applied for and been denied credit. Plaintiff's allegations alone demonstrate that he had no injury.

5

All that creditors[1] are required to provide under the ECOA is a "short, check-list statement" that "reasonably indicates **the reasons for adverse action**." *O'Dowd v. S. Cent. Bell*, 729 F.2d 347, 352 (5th Cir. 1984) (emphasis added).  The "**source** of the reported reason for denial **goes beyond the statutory requirements**" and would "defeat[] the purpose of a short checklist statement." *Anderson v. Capital One Bank*, 224 F.R.D. 444, 447 (W.D. Wis. 2004) (emphasis added) (involving completed applications for credit, not leases).

Here, Plaintiff seeks to graft onto the ECOA a new procedural right – specifically, entitlement to disclosure of source information – and then use it to satisfy the constitutional injury-in-fact requirement by alleging that the make-believe right was violated.  Plaintiff presents the Court with neither a real statutory violation nor the requisite concrete injury or any reference to actual damages arising therefrom.   Plaintiff lacks Article III standing and his claim under the ECOA should be dismissed.

### C. *Plaintiff's New FCRA Claim Should Be Dismissed for Lack of Standing Because Plaintiff Pleads No Injury Traceable to Any Improper Access of a Consumer Report*

Unlike his ECOA claim, Plaintiff makes no effort to even manufacture an

---

[1] As discussed below, neither Kmart (a retailer) nor WNL (a leasing company) are creditors for purposes of the ECOA.

injury arising from his new claim under the FCRA[2] that Defendants "accessed and used" a consumer report.  Even assuming for purposes of this Motion only that the Kmart cashier obtained and used Plaintiff's "consumer report" at the store on May 2, 2014, no injury or harm is alleged to have arisen from it.  Plaintiff's FCRA claim is premised on an alleged "bare procedural violation" that is "divorced" from any alleged concrete or particularized harm, the very type of empty allegation that the Supreme Court has said will not suffice for standing purposes.  *Spokeo*, 136 S. Ct. at 1549; *see also id.* at 1550 ("A violation of one of the FCRA's procedural requirements may result in no harm."). Therefore, Plaintiff lacks Article III standing to bring his new FCRA claim.

## II.   Plaintiff's Claims Under the ECOA and the FCRA Should Be Dismissed Pursuant to Rule 12(b)(6)

### A.   *Rule 12(b)(6) Standard*

To survive a motion to dismiss, a plaintiff must state a claim that is plausible on its face.  FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[2] Plaintiff's Amended Complaint also references adverse action notices under the FCRA.  These references are confusing and ultimately irrelevant since Plaintiff does not bring a cause of action under the FCRA for failure to provide an adverse action notice (Am. Compl. ¶15) nor could he since there is no private right of action.  *See Tobler v. Equifax*, No. 08-CV-12610, 2009 WL 1491046, at *3 (E.D. Mich. May 27, 2009) ("Although the Sixth Circuit has yet to hold that this section has eliminated a private right of action as to the whole of 1681m, this Court is persuaded by the reasoning of the majority of federal courts which have so held."); *see also Perry v. First Nat'l Bank*, 459 F.3d 816, 823 (7th Cir. 2006) ("The unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m.").

(2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. A plaintiff may not rely on speculation or "naked assertions devoid of further factual enhancement." *Id.*; *see also 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to prevent a complaint from being dismissed." *Hawkins v. Heyns*, No. 14-CV-13285, 2015 WL 928415, at *1-2 (E.D. Mich. Mar. 4, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling on a Rule 12(b)(6) motion, the Court must disregard mere conclusions, which are not entitled to an assumption of truth, and only consider the factual allegations. *Iqbal*, 556 U.S. at 679.

### B. *Plaintiff Does Not State a Claim Under the ECOA*

#### 1. <u>The ECOA Background and Purpose</u>

Congress passed the ECOA to prevent discrimination by creditors against certain classes of credit applicants. The ECOA states:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—(1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract); (2) because all or part of the applicant's income derives from any public assistance program; or (3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a).[3]  The ECOA and its notice requirements are intended to fulfill the antidiscrimination purpose of the legislation and educate rejected credit applicants about why their credit status is deficient. *Williams v. MBNA Am. Bank, N.A.*, 538 F. Supp. 2d 1015, 1018-19 (E.D. Mich. 2008).  The ECOA's notice requirements are twofold:

> (1) Within thirty days . . . after receipt of a ***completed application*** for ***credit***, a creditor shall notify the applicant of its action on the application.
>
> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. . . .

15 U.S.C. § 1691(d) (emphasis added).

To state a claim for a violation of the ECOA's notice requirements under Section 1691(d)(1), Plaintiff must allege facts showing that he is a loan applicant, that Defendants are creditors, that Defendants took adverse action with respect to the completed credit application, and that the Defendants failed to provide him with an ECOA-compliant notice. *See Madrigal v. Kline Oldsmobile, Inc.*, 423 F.3d 819, 822 (8th Cir. 2005).[4]  Unlike other consumer statutes, the ECOA does **not** provide relief in the form of statutory damages; rather, a plaintiff must plead and

---

[3] The ECOA was originally enacted to "eradicate credit discrimination waged against women" and was amended in 1976 to prohibit creditors from making credit decisions based upon race, color, religion, national origin, and age. *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 771 (6th Cir. 2005); *Markham v. Colonial Mortg. Serv. Co.*, 605 F.2d 566, 569 (D.C. Cir. 1979).

[4] *See also Kokoshka v. Banco Popular N. Am.*, No. 14-CV-4430 (KM), 2016 WL 1032344, at *2 (D.N.J. Mar. 15, 2016) (listing elements).

prove "actual damages." 15 U.S.C. § 1691e(a) (permitting recovery of "actual damages sustained by such applicant"); *see also Banco Popular*, 2016 WL 1032344, at *2 (stating that plaintiff satisfied the damages pleading requirement by alleging that he "sustained actual injury—to the tune of $8301."). Ignoring the many conclusory allegations set forth by Plaintiff in his Amended Complaint, the core factual allegations remain unchanged and Plaintiff does not allege facts showing any of the required elements of a claim under the ECOA.

### 2.   Plaintiff Fails to State a Plausible Claim for Relief Under the ECOA

Plaintiff does not plead facts that, if taken as true, would show he was a credit "applicant" who submitted a "completed application" to Defendants.   In relevant part, the ECOA defines credit "applicant" as "any person who *applies* to a *creditor directly* for an extension . . . of *credit*." 15 U.S.C. § 1691(b) (emphasis added).   Before ECOA's adverse action notice requirements are implicated, Plaintiff must have made, and the creditor must have "received," a completed application for credit.  *Id.* ("Within thirty days . . . after receipt of a completed application for credit, a creditor shall notify . . . .").  The regulations implementing ECOA define a "completed application" as one "in connection with which a creditor has received *all the information* that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested . . . ." Regulation B, 12 C.F.R. § 202.2(f) (2003) (emphasis added); *see also Scripter v.*

*First State Bank Mortg. Co., LLC*, No. 14-13461, 2015 WL 7756125, at *2 (E.D. Mich. Dec. 2, 2015) (citing Regulation B and finding an application incomplete where a person made an oral application for credit to a bank but did not fulfill all of the bank's application requirements).

In Plaintiff's original Complaint, he alleged that he "***provided all required information* [to the Kmart cashier] *necessary*** to complete a credit application with Kmart and WhyNot Leasing."  (Compl. ¶13) (emphasis added).  But the letter he allegedly sent to Kmart told the true facts – the same specific facts that he continues to assert – that he provided his social security number to the Kmart cashier ***before*** any application to Defendants was made.  (*See* **Ex. A**: Letter from Plaintiff to Kmart dated June 3, 2014) ("Your cashier informed me that I would need to provide my social security number ***before*** I would be able to ***begin the process*** of leasing the gaming system.") (emphasis added).

In his Amended Complaint, realizing that these facts doom his claims, Plaintiff runs from this letter and has removed it as an exhibit, but the core factual allegations remain.[5]  Plaintiff provided his social security number to a Kmart cashier twice and when his social security number showed as being associated with

---

[5] Plaintiff still refers specifically to the June 3, 2014 letter to Kmart in paragraph 44 of the Amended Complaint.  Therefore, irrespective of the removal of the letter as an Exhibit, the Court may still rely on it in ruling on Defendants' Motion. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (finding documents referred to in a complaint and which are central to the claim may be considered in ruling on a motion to dismiss).

another person, the attempt to lease the PlayStation 4 came to a halt. (Am. Compl. ¶¶24-49; *see also* Resp. to Motion to Dismiss: Dkt. 20 at p. 4.)   By Plaintiff's own admission, he never completed an application for a lease and never provided "all" the information necessary to complete such an application.

The closest Plaintiff comes to alleging that he applied for a lease to Kmart or WNL is the following allegation:

> Mr. Dorton provided all required information necessary to complete a program application as defined by Kmart and WhyNotLeasing under the WhyNotLeaseIt procedures and practices. In so doing, Mr. Dorton completed a credit "application" for purposes of the ECOA, 15 U.S.C. § 1691a.

(Am. Compl. ¶32.)   But this allegation is a textbook example of a conclusory allegations that merely recites the elements of his claim.  *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").   Therefore, the Court should not assume its truth. *Twombly*, 550 U.S. at 554-55.   Moreover, this conclusory allegation is contradicted by Plaintiff's other allegations.   Plaintiff attaches the lease application for WNL (Am. Compl. at Ex. 3) showing that numerous pieces of information must be provided to WNL, yet he does not allege that he provided anything more than his social security number to a Kmart cashier and does not even allege that he completed the WNL application.   He also alleges that a photo ID is required under Defendants' application policies, yet he does not allege that

any photo ID was provided to the Kmart cashier or WNL.  (Am. Compl. ¶14.) Taking the facts in the Amended Complaint as true, but ignoring Plaintiff's conclusory assertions, it is apparent that Plaintiff never made an application for a lease directly to each Defendant, much less a complete application.

### 3.   <u>Plaintiff Fails to Allege Facts Showing He Applied for "Credit"</u>

Even if providing a social security number to a Kmart cashier to rent a videogame system could constitute a "completed application" by an "applicant," the application must be one for "credit."  The ECOA defines "credit" as "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d).  A lease is not credit under the ECOA because it is a contemporaneous exchange of consideration for use of property.  *See, e.g.*, Equal Credit Opportunity, Revision of Regulation B, Official Staff Commentary, 50 Fed. Reg. 48018, 48019-20 (Nov. 20, 1985) ( declining to apply the ECOA regulations to leasing and stating "[t]he Congress has consistently viewed *lease and credit transactions as distinct and mutually exclusive financial transactions*") (emphasis added); *Laramore v. Ritchie Realty Mgmt. Co.*, 397 F.3d 544, 547 (7th Cir. 2005) (holding that a residential lease does not involve a deferral of a debt and is not "credit" under the ECOA); *Liberty Leasing Co. v. Machamer*, 6 F. Supp. 2d 714, 717 (S.D. Ohio 1998) (declining to extend definition of "credit" to include a

lease because lease "provided for a contemporaneous exchange of consideration for the right of possession and use of the equipment").[6]

In fact, Defendants' review of cases on this subject turned up only one case in which a court held that a consumer lease was "credit" for purposes of the ECOA. *See Brothers v. First Leasing*, 724 F.2d 789 (9th Cir. 1984). In *Brothers*, however, a female plaintiff had submitted an application to lease a car and it was undisputed that the lessor had denied the application based upon her husband's prior bankruptcy. Thus, the case fell squarely within the ECOA's original anti-discriminatory purpose.[7] Moreover, as noted above, a number of courts have since declined to follow *Brothers*, and the Federal Reserve Board—the very agency

---

[6] Numerous other state and federal courts have also held that a lease does not constitute "credit." *See, e.g.*, *Ysasi v. Nucentrix Broadband Networks, Inc.*, 205 F. Supp. 2d 683 (S.D. Tex. 2002) ("As Plaintiffs make monthly payments 'in advance' on their leased receiving equipment, no credit is being extended from Nucentrix to Plaintiffs."); *Maul v. Aaron's, Inc.*, Case No. CIV-12-924-M (W.D. Okla. Mar. 19, 2013) (holding that a lease did not involve "'debt' or deferred payment of debt"); *Iberlin v. TCI Cablevision of Wyo., Inc.*, 855 P.2d 716 (Wyo. 1993) (upholding district court ruling that defendant did "not extend credit to its subscribers when it bill[ed] them in advance for services and then t[ook] steps to promptly terminate service when an account becomes delinquent").

[7] This was noted in the dissent in *Brothers*, as follows: "***the facts alleged in this case seem to fall within the spirit of the Equal Credit Opportunity Act***. But this line of reasoning amounts in the end to a declaration that Congress should have included leases within the coverage of the Equal Credit Opportunity Act, or that Congress would have done so if it had directed its attention to the problem. The deficiency, however, ought to be left to Congress to correct, because the majority's solution to the problem will expand the coverage of the Act well beyond anything Congress has thus far intended." 724 F.2d at 797 (Canby, J., dissenting) (emphasis added).

charged with administering the ECOA at the time of the decision[8]—rebuked the decision in *Brothers* as "too broad." *See* 50 Fed. Reg. 48018-01.  Plaintiff does not allege that he submitted a completed application, but even if he had, a lease is not "credit" under the ECOA.

### 4.   Plaintiff's Complaint is Missing Another Prerequisite to Relief Under ECOA – Actual Damages

Plaintiff's ECOA claim should also be dismissed because he does not allege any actual damages, as required under the ECOA.  The ECOA allows for the recovery of actual damages sustained by the loan applicant.  15 U.S.C. § 1691e.[9]  Taking Plaintiff's allegations as true, he could not have suffered actual damages because he knew the reason that he could not proceed with a lease application, *i.e.*,

---

[8] Pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, rulemaking authority for the ECOA was transferred from the Federal Reserve Board to the Consumer Financial Protection Bureau. *See* 12 U.S.C. § 5581 (Dodd-Frank Act § 1061).

[9] The ECOA also allows for the recovery of punitive damages. *Id.* at § 1691e(b). Although several courts have stated that proof of actual damages is not a prerequisite to recovery, those cases are distinguishable because in each case the plaintiff actually pled some form of damages. *See, e.g.*, *Stoyanovich v. Fine Art Capital LLC*, 06-CIV-13158, 2007 WL 2363656, at *3 (S.D.N.Y. Aug. 17, 2007) (Plaintiff requested "damages for business losses, injury to his credit reputation, mental anguish, humiliation and embarrassment; punitive damages; costs and attorney's fees."); *Cherry v. Amoco Oil Co.*, 490 F. Supp. 1026, 1029 (N.D. Ga. 1980) (Plaintiff alleged injury in the form of "humiliation" and damages in the form of "having to reveal the refusal of credit on future credit applications."). Here, Plaintiff does not allege he suffered any actual damages, nor does he plead punitive damages.  Moreover, punitive damages must be pled with specificity. *See* FED. R. CIV. P. 9(g) ("if an item of special damage is claimed, it must be specifically stated.").

the social security number he provided was associated with another person. Moreover, his theory that he was somehow injured because he was not provided information about the "source" cannot be couched as actual damages because the ECOA does not require creditors to disclose any source information. *See O'Dowd*, 729 F.2d at 352; *Anderson*, 224 F.R.D. at 447. In the end, Plaintiff does not plead and could never recover "actual damages" under the ECOA and so that claim fails from the outset.

### C.    *Plaintiff's FCRA Claim is Time-Barred*

Defendants seek dismissal of Plaintiff's FCRA claim, which is based upon entirely different events than the ECOA claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Amended Complaint includes an entirely new claim based upon entirely different events. Specifically, Plaintiff alleges, in the "alternative,"[10] that "Defendants violated the FCRA in relation to Mr. Dorton and the class members by accessing and using these consumer reports without a permissible purpose in violation of 15 U.S.C. § 1681b(f)." (Am. Compl. ¶83.) A claim under the FCRA must be brought by the "earlier" of "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the

---

[10] This claim is a clear hedge against the law holding that leases are not credit for purposes of the ECOA. This is evident from Plaintiff's FCRA class definition, which is proposed to include individuals "[w]ho *did not* apply for credit to defendants." (Am. Compl. ¶62(b)(ii)) (emphasis added). Regardless of this apparent acknowledgement of the authorities holding that by definition a lease is not credit, the FCRA claims fails for numerous reasons.

date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.[11]   The FCRA's two-year statute of limitations begins to run when the plaintiff "discovers the facts that give rise to a claim and not when [he] discovers that those facts constitute a legal violation." *Mack v. Equable Ascent Fin., LLC*, 748 F.3d 664, 665-66 (5th Cir. 2014).

Plaintiff alleges that Defendants accessed and used his consumer report in violation of the FCRA on May 2, 2014. (Am Compl. ¶¶ 77-79.)  Since he did not bring a FCRA claim until June 6, 2016, his FCRA claim is time-barred.  Further, Plaintiff cannot seek shelter from the relation-back doctrine in Fed. R. Civ. P. 15 to avoid dismissal because an amendment "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayer v. Felix*, 545 U.S. 644, 650 (2005).

"[I]t is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" *Glover v. FDIC*, 698 F.3d 139 (3d Cir. 2012) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)). Thus, only where the opposing party is given "fair notice of the general fact

---

[11] The five-year statute of repose in 15 U.S.C. § 1681p(2) is not applicable here because two years after Defendants allegedly accessed and used a consumer report about Plaintiff on May 2, 2014 is "earlier" than five years later.

situation and the legal theory upon which the amending party proceeds" will relation back be allowed. *Id.*

Here, unlike Plaintiff's ECOA claim, which is premised on Defendants' alleged failure to provide an adverse action notice, his FCRA claim is premised on a completely different set of events, *i.e.*, Defendants' allege access and use of his consumer report without his permission on May 2, 2014. The two claims are not typical of one another; Plaintiff's FCRA claim focuses on the alleged improper access to Plaintiff's consumer report, while his ECOA claim focuses on Defendants' alleged failure to provide an adverse action notice. In fact, there is no mention or reference to any consumer report or access or use of any consumer report in Plaintiff's original Complaint. (Dkt. 1.) The original Complaint provided no notice, much less fair notice, of a potential FCRA claim. *See Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008) ("Although the original and amended claim have some elements and facts in common, the whole thrust of the amendment[ ] is to fault [defendants], and to fault them for conduct different from that identified in the original complaint."). Therefore, Plaintiff's FCRA claim is time-barred and should therefore be dismissed.

### D.   *Even if the FCRA Claim Was Not Time-Barred, it Fails Because Plaintiff Does Not Set Forth a Plausible Claim for Relief Under the FCRA*

To state a claim for improper use of a consumer report, Plaintiff must show:

(1) "that there was a 'consumer report' within the meaning of the [FCRA]," (2) that Defendants "used or obtained it," (3) that Defendants "did so without a permissible statutory purpose," and (4) that Defendants did the above with the requisite culpability, in this case, willfulness. *See Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014); *Gillom v. Ralph Thayer Auto. Livonia, Inc.*, 444 F. Supp. 2d 763, 771 (E.D. Mich. 2006). Plaintiff's claim under the FCRA fares no better than his claim under the ECOA.

### 1.   <u>Plaintiff Fails to Allege Facts Showing There Was a "Consumer Report"</u>

A "consumer report" is "any . . . communication of any information ***by a consumer reporting agency*** bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" used for one of the permissible purposes described in the FCRA. 15 U.S.C. § 1681a(d) (emphasis added). Plaintiff vaguely alleges that "Defendants accessed and used Mr. Dorton's and the class members [sic] consumer reports in order to qualify them for the WhyNotLeaseIt program," that "Defendants accessed and used consumer reports without a permissible purpose," and that "Defendants regularly and ordinarily use consumer reports from credit reporting agencies to verify identities and social security numbers of its applicants." (Am. Compl. ¶¶18, 59, 77.) These allegations are pure legal conclusions parading as factual allegations and they must be discarded.

Plaintiff alleges the Kmart cashier asked for his social security number to check his identification. (Am. Compl. ¶31) ("Kmart directed Mr. Dorton to the WhyNotLeaseIt program **and requested identification information from Mr. Dorton**) (emphasis added). But a mere identity check does not constitute a consumer report. *See Bickley*, 751 F.3d at 729 (affirming district court holding that a check to determine if names matched social security numbers are not consumer reports because such a check "bears in no way on the individual's creditworthiness or financial character"); *see also Bickley v. Dish Network, LLC*, No. 3:10-CV-00678-H, 2012 WL 5397754, at *4 (W.D. Ky. Nov. 2, 2012), *aff'd*, 751 F.3d 724. Plaintiff's FCRA claim must be dismissed because he fails to adequately allege the existence of a "consumer report."

### 2.    Plaintiff Fails to Allege Facts Showing that Defendants "Used" or "Obtained" a Consumer Report

Similarly, Plaintiff pleads no facts showing that Defendants "used" or "obtained" his consumer report. Generally, "use" occurs when a person "reviewed the report and used the information in it to make some decision." *Geiling v. Wirt Fin. Servs., Inc.*, No. 14-11027, 2014 WL 8473822, at *15 (E.D. Mich. Dec. 31, 2014), *report and recommendation adopted in part*, No. 14-CV-11027, 2015 WL 1529866 (E.D. Mich. Mar. 31, 2015). "Obtaining" a report requires something greater than mere possession because passively receiving a report does not suffice. *Id.* Here, Plaintiff alleges:

20

- "The Sales person requested that Mr. Dorton provide his social security number to a Kmart employee in order to lease a PlayStation 4 video game system."

- "The Sales person notified Mr. Dorton that someone else's information was associated with Mr. Dorton's Social Security Number."

(Am. Compl. ¶¶33-34.)   Plaintiff makes no allegations that Defendant Kmart reviewed or even possessed an alleged report.   Further, he does not explain how Defendant WNL or Kmart could have reviewed such a report at all given that the social security number resulted in information about someone other than Mr. Dorton.   After all, Plaintiff effectively alleges that a consumer report was obtained on the "other" unknown person associated with his alleged social security number. He thus fails to state a claim for impermissible access and use of a consumer report under the FCRA.

### 3.   Plaintiff Fails to Allege Facts Showing That Defendants Did Not Have a "Permissible Purpose"

Even assuming that Defendants accessed and used Plaintiff's consumer report for purposes of this Motion only, Plaintiff's claim would still fail because Plaintiff alleges that Defendants used or obtained the report for a *permissible* purpose.   Section 1681b(a)(3) lists permissible purposes for which a person may use consumer reports.   In pertinent part, a consumer report may be used where a person "has a legitimate business need for the information" that is "in connection with a *business transaction* that is *initiated by the consumer* . . . ."   15 U.S.C. §

1681b(a)(3)(F) (emphasis added).

A company has a legitimate business need "when it assesses a consumer's *eligibility* for a business service" and to verify identity to help "prevent identity theft." *Bickley*, 751 F.3d at 731. Examples of legitimate business needs include renting an apartment or even seeking "to be included in a computer dating service." *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 818 (W.D. Ky. 2003). Plaintiff alleges that he provided his social security number to *lease* a PlayStation 4. (Am. Compl. ¶¶29, 33.) It is clear from the Amended Complaint that even assuming a credit report was accessed by Defendants – an allegation that is not specifically alleged and which Defendants deny – Defendants would have had a legitimate business need to determine Plaintiff's eligibility for the leasing program.

Furthermore, a consumer is deemed to have initiated the transaction where he participates without being "obliged to become associated" with it and when the transaction "conferred a benefit" to the consumer. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 675-76 (9th Cir. 2010); *Bickley,* 751 F.3d at 733. Where a consumer is "clearly involved in ratifying the actions that created a duty to pay," he initiated the transaction even if he did not "expressly approve each request for a report." *Geiling*, 2014 WL 8473822, at *20; *Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1046-47 (7th Cir. 2005). Plaintiff alleges

that he intended to purchase a PlayStation 4 but could not afford the full purchase price. (Am. Compl. ¶¶25, 29.)  He asserts that he provided information to the Kmart cashier to apply for the leasing program.  (Am. Compl. ¶¶32-35.)  The facts asserted in Plaintiff's Amended Complaint show that Plaintiff initiated the transaction because he chose to seek the benefit of a lease.  Therefore, Plaintiff's claim under the FCRA would fail as a matter of law even if the claim was not time-barred.

## 4. Plaintiff Fails to Allege Facts Showing the Requisite "Willfulness" of Each Defendant

Finally, only "willful" violators of the FCRA are exposed to statutory and punitive damages, *see* 15 U.S.C. § 1681n(a), so it is little surprise that Plaintiff purports to bring action for a "willful" violation.  (Am. Compl. ¶84.)  "To survive a motion to dismiss . . . the plaintiff must plead facts raising a plausible inference that the defendant knew or should have known that it violated the FCRA." *Geiling*, 2014 WL 8473822, at *25; *see also Braun v. Client Servs.*, 14 F. Supp. 3d 391, 396 (S.D.N.Y. 2014) ("[I]n order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report. Merely stating that the violation was 'willful' or 'negligent' is insufficient.").[12]  Plaintiff fails to allege any

---

[12] Numerous other courts have dismissed claims under the FCRA in the face of boilerplate assertions of "willfulness." *See Perl v. Am. Exp.*, No. 12-CV-4380

facts showing Defendants' knowledge or facts indicating that they should have known there was a FCRA violation; in fact, as explained above, the facts as presented by Plaintiff show no FCRA violation at all.  Not only is liability on the part of Defendants not plausible, it is not possible under Plaintiff's facts.  Plaintiff's FCRA claim should be dismissed for the multitude of reasons described above.

## CONCLUSION

Based on the foregoing, Defendants Kmart Corporation and WhyNot Leasing, LLC n/k/a TEMPOE, LLC respectfully request that the motion to dismiss Plaintiff's Amended Complaint be granted.  Defendants further pray that any

---

ER, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) ("While [the plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner in both of the complaints . . . [The plaintiff] has failed to allege any facts related to Defendants' state of mind when they allegedly obtained his credit reports."); *Tauro v Asset Acceptance*, No. 2:12-CV-00418, 2012 WL 2359954, at *5 (W.D. Pa. June 20, 2012) ("[T]he Plaintiff has not averred any facts from which the Court can infer that the Defendants knew, or should have known, that they did not intend to use the Plaintiff's credit report for a permissible purpose under the FCRA, all of which Plaintiff must do with provable facts in order to state a claim."); *Perez v. Portfolio Recovery Assocs., LLC*, No. CIV. 12-1603 JAG, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012) ("To survive Defendant's Motion to Dismiss, the complaint must aver sufficient facts to establish to a plausible degree that Defendant obtained the credit reports for an impermissible purpose, and that their conduct was either willful or negligent."); *Huertas v. U.S. Dep't of Educ.*, No. CIV 08-3959 RBK KMW, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009) ("[T]he complaint must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff . . . ." (citations omitted)).

additional request by Plaintiff for leave to amend his Complaint for a third time be denied. Defendants also request costs under 28 U.S.C § 1919 and all other relief to which they are justly entitled.

Respectfully submitted,

/s/Thomas Van Dusen
Thomas Van Dusen (P30602)
BODMAN PLC
201 West Big Beaver Road, Suite 500
Troy, MI 48084
248-743-6076
tvandusen@bodmanlaw.com

Neil K. Gilman (Adm. E.D. MI, DC Bar 449226)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
202-955-1500
ngilman@hunton.com

Eric R. Hail (Adm. E.D. MI, TX Bar 24047579)
HUNTON & WILLIAMS LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
214-468-3332
ehail@hunton.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2016, I caused the foregoing document to be served via ECF on all attorneys of record.  I declare under penalty of perjury that the foregoing statements are true and correct.

/s/Thomas Van Dusen
Thomas Van Dusen (P30602)
BODMAN PLC
201 West Big Beaver Road, Suite 500
Troy, MI 48084
248-743-6076